## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

-------------------------------------------------------------X
                                                             :
STAPLES, INC.                                                :          Civil Action No.
                                                             :
                                                             :          **CASE PENDING IN DISTRICT**
                   Petitioner,                               :          **OF D.C.:**
                                                             :          **15-cv-02115 (EGS)**
            v.                                               :
                                                             :
BOSTON CHILDREN'S HOSPITAL                                   :
                                                             :
                                                             :
                   Respondent.                               :
-------------------------------------------------------------X

### DEFENDANT STAPLES' EMERGENCY MOTION TO COMPEL DISCOVERY
### FROM NON-PARTY BOSTON CHILDREN'S HOSPITAL

Pursuant to Federal Rules of Civil Procedure 37 and 45, and District of Massachusetts

Local Rule 37.1, Plaintiff Staples, Inc. ("Staples") respectfully requests that the Court, on an

expedited basis, enter an order compelling Defendant Boston Children's Hospital ("Boston

Children's") to search for and produce documents responsive to an amended subpoena that

Staples served on Boston Children's, seeking documents and information relevant to a pending

litigation captioned *Federal Trade Commission, et al., v. Staples, Inc., et al.*, 15-cv-02115(EGS)

in the District Court for the District of Columbia (the "Underlying Litigation").

On January 25, 2016, Staples properly served a third-party subpoena on Boston

Children's seeking documents and information relevant to the parties' claims and defenses in the

Underlying Litigation.  The Underlying Litigation concerns the Federal Trade Commission's

("FTC") antitrust challenge to a proposed $6.3 billion acquisition of Office Depot by Staples.

The FTC filed its preliminary injunction complaint on December 7, 2015, and the litigation is proceeding on an expedited basis, culminating in trial that will start on March 21st.  Fact discovery commenced on December 23, 2015, and since that time, hundreds of third parties have been subpoenaed by Office Depot, Staples, and the FTC, seeking relevant information regarding the proposed merger and the FTC's challenge to the merger.  The FTC has also issued hundreds of civil investigative demands to non-parties seeking additional information.  The vast majority of those third parties have complied with their obligations to produce information, with only a handful of recalcitrant third parties requiring motions to compel.  Boston Children's is one of those recalcitrant parties.

Boston Children's documents and deposition are important to Staples' defenses in the Underlying Litigation.  Indeed, the FTC recently identified Boston Children's as one of the large business-to-business companies in the relevant market that has an office supply contract with a supplier other than Staples or Office Depot.  Based on this FTC disclosure, Staples' narrowed subpoena seeks the production of a discrete set of documents, data, and information, along with a short Rule 30(b)(6) deposition that will allow it to shed light on the competitive landscape in the relevant market.  But Boston Children's has failed to respond to the subpoena and declined any invitation to negotiate the scope of discovery sought; instead, it served two boilerplate objections on Staples and refused any further communication.

Given the expedited nature of the Underlying Litigation and that court's familiarity with both the facts and the schedule, Staples brought a motion to compel Boston Children's compliance with the subpoena in the district court where the Underlying Litigation is pending—the District of Columbia.  In light of the imminent deadlines in advance of the March trial date,

the District of Columbia Court—on a Sunday morning—ordered a highly accelerated briefing schedule for the motion.  The schedule required that the motion to be fully briefed less than five days after it was filed.

Boston Children's filed its opposition to Staples' Motion to Compel a day after the court set the briefing schedule.  By order dated February 23, 2016, the District Court for the District of Columbia denied Staples' motion, without prejudice to refiling the motion in Boston Children's local jurisdiction.  The District Court for the District of Columbia made no ruling on the merits of the motion.

For the reasons set forth in the accompanying Memorandum of Law, the Court should grant Staples' emergency motion and require Boston Children's to provide documents responsive to Staples' subpoena as well a Rule 30(b)(6) deposition.  Given the imminent deadlines in the Underlying Litigation, Staples respectfully requests an expedited briefing schedule on the Motion to Compel, particularly given that Staples' motion, in substantially similar form, was fully briefed with Boston Children's opposition, in the District of Columbia.

Dated February 26, 2016                                Respectfully submitted,


   /s/ Patrick J. O'Toole, Jr.         
Patrick J. O'Toole, Jr. (BBO # 559267)
WEIL, GOTSHAL & MANGES LLP
100 Federal Street, Floor 34
Boston, MA 02110
Tel.: (617) 772-8300
Fax: (617) 772-8333
Email: patrick.otoole@weil.com

*Counsel for Staples, Inc.*

## LOCAL RULE 7.1(a)(2) and 37.1(b) CERTIFICATION

Counsel for Petitioner hereby certifies that they attempted to confer with counsel for Respondent on January 27, 2016, February 1, 2016, February 10, 2016, and February 11, 2016, and were unable to resolve or narrow the issues raised in this motion.


    /s/ Patrick J. O'Toole, Jr.    _